# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:24-cr-454 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | **CRIMINAL PRETRIAL ORDER** |
| DAMON K. PERRY, | ) | |
| | ) | |
| Defendant. | ) | |

Trial of this matter shall begin on **February 18, 2025, at 9:00 a.m.** in Courtroom 17A, Carl B. Stokes U. S. Court House, 801 West Superior Avenue, Cleveland, Ohio. Counsel should appear at least 30 minutes before trial time. Final Pretrial is scheduled for **February 5, 2025 at 10:00 a.m.**

General Order No. 119 of the United States District Court for the Northern District of Ohio, adopted September 11, 1990 (Jury Utilization Management Plan), provides that "plea negotiations must be completed by a date certain in advance of the scheduled trial." Accordingly, the Court will rarely accept a plea agreement submitted later than one week prior to the trial date. In the event the Court does accept such a plea on the day of trial, for good cause shown, the costs for summoning jurors for 1 day of service shall be assessed equally against the Government and the Defendant(s), if a jury has been summoned, unless a different arrangement is agreed to by the parties. Notice of Intent to Plea due **February 4, 2025.**

Pursuant to Local Rule 17.1.1 counsel shall comply with each of the following requirements:

**Motions:**

Pretrial motions shall be filed on or before **January 21, 2025**. Each motion filed shall explicitly state the foundation for it, pursuant to Local Rule 12.1.

Responses to pretrial motions shall be filed **February 4, 2025**.

**Status Hearings:**

Status and other pretrial hearings will be scheduled as needed.

**Trial Documents:**

The following trial documents are to be submitted to the Court not later than **4:00 p.m., February 6, 2025**:

1.      Counsel for the parties shall confer in person and agree upon a concise written statement describing the case in an impartial, easily understood manner, and submit it to the Court to be read to the jury panel prior to voir dire.

2.      Counsel for the parties shall confer and agree upon stipulations and reduce them to writing. Such stipulations shall be signed by counsel and defendant(s) and shall be submitted to the Court.

3.      Counsel for the parties shall submit written voir dire questions and jury instructions to the Court. Counsel should confer in person and, to the extent possible, agree upon a complete set of voir dire questions and jury instructions. Counsel may separately submit disputed proposed voir dire questions and jury instructions to the Court and opposing counsel, supported by legal authority.

4.      Counsel for the parties shall submit to the Court appropriate memoranda, supported by legal authority regarding evidentiary questions and any other legal issues which may reasonably be anticipated to arise at trial.

5.      Counsel shall provide to the Court witness lists. The witness lists shall provide a brief description and the purpose of each witness to be offered. Each attorney shall have a continuing obligation to supplement the party's witness list immediately upon learning of any additional witness.

**Exhibits:**

If demonstrative evidence such as models or sketches are to be used at trial, counsel shall exchange them no later than two (2) days prior to the date of trial.

All exhibits must be marked before trial in accordance with Local Rule 23.2.

Two (2) copies of all exhibits to be used at trial shall be submitted to the Court in a binder, along with an index of the exhibits, not later than the morning of the trial.

The Court will not allow exhibits to be given to the jury during trial without prior Court approval. If the Court approves such a request, sufficient copies for each juror must be provided so all jurors may view the exhibit simultaneously.

**Continuances/Extensions:**

1.      The Court will not continue a trial/hearing or extend a deadline without a written motion stating the reason for the request. The motion **SHALL** be filed **BEFORE** the date/deadline at issue has passed. A motion for continuance due to a conflict shall be filed as soon as counsel becomes aware of the conflict. The Court will not consider a motion for continuance without a signed waiver of defendant's rights to a speedy trial pursuant to the Speedy Trial Act of 1974 (Attachment A).  If defense counsel signs the

defendant's name on a speedy trial waiver (or any other document requiring the defendant's signature), whether manually or electronically, the document must indicate that the defendant consented to same. Any motion for extension or continuance must indicate whether there is any opposition. In cases involving multiple defendants, a motion for continuance should either be a joint motion of all defendants or it should indicate that counsel for the moving party has conferred with ALL other defense counsel and there is no opposition. In the case of a joint motion, each defendant must separately file a waiver of speedy trial rights. If it is not a joint motion, the remaining defendants must file a notice concurring with the motion and must attach a waiver of speedy trial rights (if no waiver has previously been filed). If a motion for extension or continuance is opposed, it **MUST** be filed **NO LESS THAN** seven (7) days before the date/deadline at issue; the opposing party(s) **SHALL** file their opposition no more than three (3) days after the filing of the motion. **FAILURE TO FOLLOW THESE REQUIREMENTS MAY RESULT IN DENIAL OF THE MOTION FOR EXTENSION OR CONTINUANCE.**

**Sentencing Memorandum:**

Any sentencing memorandum and response to same shall be filed in compliance with Local Rule 32.2(c). Failure to do so may result in the filing being stricken and/or not being considered by the Court at sentencing.

**Requests to Travel:**

Any motions requesting permission to travel made during the pendency of the case must be in writing, **filed at least seven (7) days prior to the requested travel date (unless there are**

**extenuating circumstances which preclude doing so)**, and **<u>MUST</u>** include the following information:

1. The dates of departure and return;

2. The place to which the defendant would like to travel;

3. The reason for the defendant's request to travel; and

4. A statement concerning whether the defendant's pretrial services officer objects to the request and whether counsel for the government objects to the request.

2. **FAILURE TO INCLUDE <u>ALL</u> OF THE ABOVE INFORMATION IN A MOTION TO TRAVEL MAY RESULT IN THE MOTION'S DENIAL.** If a defendant files his/her motion to travel less than seven days prior to the requested travel date (i.e., the request is based on the death of a family member or some other emergency), the motion **MUST** explain the extenuating circumstance(s) resulting in the defendant's inability to comply with the seven-day limitation. **FAILURE TO FOLLOW ALL OF THESE REQUIREMENTS MAY RESULT IN DENIAL OF THE MOTION.**

**<u>Questions:</u>**

During the case, any questions or concerns should be directed to Courtroom Deputy Clerk Stephanie Siner at (216) 357-7180. Counsel are **_NOT_** to contact the Court's law clerks to discuss the case.

**IT IS SO ORDERED.**

Date: December 13, 2024

_Charles Fleming_

_____

**HONORABLE CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**